The Honorable Bobby G. Newman State Representative Box 52 Smackover, AR 71762
Dear Representative Newman:
This is in response to your request for an opinion on the following two questions:
 (1) Does the school board of a school district having a daily attendance of less than 24,000 have the authority by resolution adopted by a majority vote of the board to provide that all members of the board of directors of the district shall be elected by zone with each candidate to be voted upon only by electors of the zone in which the candidate resides?
 (2) Does the school board in such district have authority by resolution adopted by a majority vote of the board to provide that some members of the board shall be elected by zones and some members shall be elected by electors of the district at-large?
In my opinion, the answer to both of your questions is "yes."
With regard to your first question, A.C.A. § 6-13-607(a) (Supp. 1989) provides:
 (1) The board of directors of a school district shall have the authority to provide by resolution, by a majority vote, that all board members be elected by zone. In a school district divided by zone, each board member shall be voted upon by the qualified electors of the zone from which that person is a candidate. The name of the candidate shall appear upon the ballot only in the zone in which he is a candidate. Zones established by the board of directors of a school district shall be of substantially equal population.
The section also provides for implementation of the resolution, once passed. See A.C.A. § 6-13-607(a)(2) and (3) (Supp. 1989).
In light of the fact that A.C.A. § 6-13-607(d) (Supp. 1989) provides that members of the board of directors of school districts with an average daily attendance in excess of 24,000 shall now be elected by zone, it is my opinion that § 6-13-607(a) is intended to provide the opportunity to elect board members by zone to school districts with an average daily attendance of less than 24,000.
With regard to your second question, A.C.A. § 6-13-630 (Supp. 1989) provides:
 (a) The board of directors of any school district shall have the authority to provide by resolution adopted by a majority vote that a portion of the board members shall be elected by zone, at large, or a combination thereof. A candidate for a position to be elected by zones shall reside in the zone. The names of the candidates for at-large board positions shall appear upon the ballots throughout the district.
 (b) The resolution adopted by the board shall prescribe the procedure for implementing the reorganization within four (4) years after the date of the passage of the resolution.
 (c) Every such resolution adopted by the board of directors of such district shall adopt a plan of election for members of the board of directors which will cause the selection procedures to be in compliance with the Voting Rights Act of 1965.
 (d) The board of directors of the school district shall cause the resolution to be published at least thirty (30) days prior to the filing deadline for the next regular school election after the adoption of the resolution.
Section 6-13-630(a) (Supp. 1989) specifically states that the board of directors of any school district shall have the authority to pass such a resolution. Accordingly, it is my opinion that this authority would extend to the board of directors of a school district with an average daily attendance of less than 24,000.
We would also point out that the qualified electors of a school district may, by petition, have the issue of whether to elect the school district board of directors from single-member zones placed on the ballot of any annual school election. See A.C.A. § 6-13-615 (Supp. 1989), and Atty. Gen. Opinion No. 90-021.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General